PHENEY *v.* LETTS.

1. JUSTICES OF THE PEACE—JURISDICTION—AFFIRMATIVE JUDGMENT FOR DEFENDANT IN MAXIMUM AMOUNT.

Action in assumpsit to recover $265 for services rendered, brought in common pleas court of Detroit, was within the jurisdiction of such court and fact that, on appeal to circuit court, a judgment for defendant in the amount of $500 was entered on its counterclaim for breach of contract did not render judgment one for more than $500 even though amount of plaintiff's claim was admitted (Const. 1908, art. 7, § 16; 3 Comp. Laws 1929, § 16369 *et seq.*).

2. Same—Jurisdiction—Common Pleas Court.

The jurisdiction of justices of the peace in the city of Detroit having been extended to include sums up to $500 as permitted by the Constitution, the court of common pleas which was created to succeed to such justices has jurisdiction to render a judgment in such amount (Const. 1908, art. 7, § 16; Act No. 475, Local Acts 1903; 3 Comp. Laws 1929, § 16369 *et seq.*).

3. Judgment — Circuit Court on Appeal from Common Pleas Court—Jurisdiction.

In action on claim of $265 for services, commenced in the court of common pleas of Detroit, in which defendant gave notice of set-off or counterclaim against plaintiff amounting to $3,189.14 based on latter's departure from specific instructions in a power-of-attorney authorizing him to dispose of defendant's business but waived the amount thereof in excess of the $500 jurisdiction of such court and claimed judgment for $500, the circuit court on defendant's appeal had jurisdiction to enter judgment in the amount of $500 in favor of defendant upon finding damage to that extent or more occasioned by plaintiff's unauthorized departure (Const. 1908, art. 7, § 16; 3 Comp. Laws 1929, § 16369 *et seq.*).

4. Appeal and Error — Affirmative Judgment for Defendant — Preponderance of Evidence.

Examination of record on appeal from affirmative judgment for defendant in action of assumpsit commenced in court of common pleas *held*, not to reveal that judgment entered on counterclaim was against preponderance of the evidence.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted January 2, 1940. (Docket No. 20, Calendar No. 40,661.) Decided March 15, 1940.

Assumpsit in common pleas court for auditing services. Set-off by defendant for breach of contract. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*G. Leslie Field,* for plaintiff.

*Bishop & Bishop,* for defendant.

Wiest, J. Plaintiff brought an action in assumpsit against defendant in common pleas court for the

city of Detroit to recover $265. Defendant, under
plea of the general issue, gave notice of set-off, or
counterclaim against plaintiff amounting to $3,-
189.14, waived the amount thereof in excess of the
$500 jurisdiction of the court, and claimed judgment
for $500. Plaintiff recovered judgment in the com-
mon pleas court but, upon·appeal by defendant to
the circuit court, defendant had judgment against
plaintiff for $500.

Upon review by appeal plaintiff contends that the
judgment rendered in the court below exceeded the
jurisdiction of the common pleas court and of the
circuit court on appeal. Plaintiff also claims that
the judgment is against the preponderance of the
evidence.

The case was heard in the circuit court without a
jury.

The amount of plaintiff's claim was admitted, but
the court found that defendant's claim against plain-
tiff not only satisfied plaintiff's claim but there was
due defendant at least $500, and the court entered
judgment for $500, that being the extent of juris-
diction of the common pleas court.

Plaintiff claims that such judgment, considering
the admitted amount of his claim, is, in effect, one
for $765 and, therefore, in excess of jurisdiction.

The action brought by plaintiff was within the
jurisdiction of the common pleas court and that
court and the circuit court on appeal had jurisdic-
tion to render judgment to the amount of $500. That
such judgment was for an amount due defendant on
his claim above the amount due plaintiff on his claim
did not render it one for more than $500. The claims
were separate and distinct.

Const. of 1908, art. 7, § 16, permits the legislature
to increase the jurisdiction of justice courts to an
amount not exceeding $500. The common pleas
court for the city of Detroit was created by Act No.

260, Pub. Acts 1929 (3 Comp. Laws 1929, § 16369 *et seq.* [Stat. Ann. § 27.3651 *et seq.*]), and was given jurisdiction in all suits and proceedings, both civil and criminal, to the same extent as was had and exercised by justices of the peace of such city. By Act No. 475, Local Acts 1903, the jurisdiction of justices of the peace in the city of Detroit, in all civil actions, *ex contractu* and *ex delicto,* was set at the sum of $500.

The statute, 3 Comp. Laws 1929, § 16041 (Stat. Ann. § 27.3241), relative to set-off and recoupment, provides:

"If the balance found due to the defendant exceeds three hundred dollars, the justice shall apply so much of the defendant's demand against the plaintiff's debt as shall be sufficient to satisfy it, and shall render judgment for the defendant for the sum of three hundred dollars and his costs, unless the defendant shall withdraw his claim of set-off or recoupment before judgment is rendered."

The same rule applies to the common pleas court, except that judgment may be entered for $500 instead of $300.

Defendant's claim was for loss sustained by plaintiff's departure from specific instructions in a power-of-attorney authorizing him to dispose of defendant's business.

The trial judge found the unauthorized departure and damage occasioned thereby, applied sufficient thereof to meet plaintiff's claim, and out of the balance awarded defendant judgment for $500.

Plaintiff claims the finding is against the preponderance of the evidence. An examination of the record does not enable us so to find.

The judgment is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.